**Maria CORREA**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services.**

**No. 87 Civ. 2267(RJW).**

United States District Court,
S.D. New York.

March 4, 1988.

New York Law School Federal Litigation Clinic, New York City (Michael L. Perlin, Peter Margulies, and legal interns Diana Louis and Teri Karpe, of counsel), for plaintiff.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City (Donna H. Lieberman, Kathleen A. Zebrowski, Asst. U.S. Attys., of counsel), for defendant.

ROBERT J. WARD, District Judge.

Plaintiff Maria Correa seeks judicial review of a November 25, 1986 decision by the Appeals Council of the Social Security Administration denying plaintiff's application for disability insurance benefits and supplemental security income. Enclosed with the Appeals Council's decision was notice, in English only, of the 60-day limitations period for an appeal. On February 5, 1987, plaintiff went to the *pro se* office of this Court, where she filled out a complaint form and filed a declaration in support of a request to proceed *in forma pauperis.* Subsequently, on April 6, 1987, plaintiff's petition was granted and she filed a com-

plaint *pro se.* Defendant Otis R. Bowen, M.D., Secretary of Health and Human Services, has moved to dismiss this action pursuant to Rule 12(b)(1), Fed.R.Civ.P., for lack of subject matter jurisdiction.

A 60-day period of limitations is given to appeal a decision of the Appeals Council. 42 U.S.C. § 405(g). The applicable regulation provides that the 60-day period begins when the claimant receives the notice of decision, not when the notice is mailed. 20 C.F.R. § 422.210(c) (1987). Moreover, the regulation creates a rebuttable presumption that notice is received five days after it is filed. *Id.* Because in the instant case, no contrary showing has been made by either party, the five day presumption is available to plaintiff. Plaintiff, however, took 71 days, six days beyond the time provided by law, from the time her notice was filed until she filed her petition to proceed *in forma pauperis.*

■ The time limit for filing appeals in the District Court is not jurisdictional. Rather, it constitutes a period of limitations that is waivable by the parties and subject to traditional equitable tolling principles. *E.g., Bowen v. City of New York,* 476 U.S. 467, 478, 480, 106 S.Ct. 2022, 2030, 90 L.Ed. 2d 462 (1986) (citing cases). The *Bowen* Court adopted a two-part test to determine whether tolling of the limitations period is appropriate in a particular case. The first inquiry is whether tolling is consistent with congressional intent. The second inquiry is whether equitable principles support tolling based on the facts of the case. *Id.* at 479–80, 106 S.Ct. at 2029–30 *(citing Honda v. Clark,* 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244 (1967)).

The *Bowen* Court determined that equitable tolling of the 60-day limitations period was consistent with the overall congressional purpose of promoting rapid determinations of social security claims. The limitations period was designed to protect claimants from the hardships of undue delay, as well as to protect defendants from having to adjudicate stale claims where witnesses have disappeared, memories have faded and evidence has been lost. *Id.* at 481 n. 13, 106 S.Ct. at 2030 n. 13.

The process for the review and adjudication of disputed disability claims was designed to be "unusually protective" of claimants. *Heckler v. Day*, 467 U.S. 104, 106, 104 S.Ct. 2249, 2250–51, 81 L.Ed.2d 88 (1984). In the instant case, plaintiff was accustomed to receiving notices in Spanish from the Social Security Administration following decisions requiring her immediate action. Tolling the period of limitations to include the additional six days plaintiff took to find an interpreter and legal services is appropriate in this case, since it protects the claimant without causing undue harm or prejudice to the Social Security Administration. Accordingly, defendant's motion is denied. Defendant is directed to serve and file a motion for judgment on the pleadings on or before May 6, 1988.

It is so ordered.