Dolores **CANALES**, Plaintiff,

v.

Louis W. **SULLIVAN**, M.D., **Secretary of Health and Human Services,** Defendant.

No. 88 Civ. 5793 (RWS).

United States District Court, S.D. New York.

Sept. 19, 1990.

Bronx Legal Services Attorney (Kenneth J. Barnes, of counsel), Bronx, N.Y., for plaintiff.

Otto G. Obermaier, U.S. Atty., S.D.N.Y. (Sapna Raj, Sp. Asst. U.S. Atty., of counsel), New York City, for defendant.

OPINION

SWEET, District Judge.

Plaintiff Dolores Canales ("Canales") has moved the Court to reconsider and vacate its order and judgment (the "Order") dismissing Canales' complaint and to reopen this case to review it on the merits. For the reasons set forth below the motion is denied.

Prior Proceedings

On February 23, 1990 an Order was entered dismissing Canales's complaint. The memorandum opinion cited the failure of Canales to comply with the 60–day time limitation of the Social Security Act (the "Act") for filing a civil action seeking review of the Secretary's decision to deny

benefits, 42 U.S.C. § 405(g), and the failure to submit any papers to provide a basis upon which to even consider an equitable tolling of the statute.[1]

Canales had applied for Disability Insurance benefits and Supplemental Security Income ("SSI") benefits based on disability. The complaint, filed on August 12, 1988, was filed 104 days after the final decision denying benefits filed by the Appeals Council on April 29, 1988. Canales never made a request to the Secretary for an extension of time in which to file a civil complaint and no extension was granted.

Canales is fifty-three years old and suffers from a variety of medical and psychiatric impairments. She has been under bi-monthly psychiatric care since January 1986 for paranoid ideations, crying spells, and irritability. She was diagnosed as suffering from major depression with psychotic features. Since the motion to dismiss was presented to the court, Canales has been deemed disabled and entitled to benefits because of her mental illness in a decision dated March 6, 1990 issued by the Social Security Administration, North Bronx District Office.

Canales, now represented by counsel, has submitted papers indicating that the court was under the misimpression that Canales was represented during her administrative proceedings. Canales contends that her failure to file a timely appeal was caused not by deliberate intent but by the very same mental disability for which she is seeking benefits and thus, under these circumstances, the doctrine of equitable tolling should be applied to afford her an opportunity to have her rights decided on the merits.

Rule 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure enumerates six grounds upon which a party may seek relief from a final judgment. "Properly applied, the rule preserves a balance between serving the ends of justice and ensuring that litigation reaches an end within a finite period a time." *House v. Secretary of Health and Human Serv.*, 688 F.2d 7, 9 (2d Cir.1982) (citations omitted).

Rule 60(b) provides that:

[T]he court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect ...; (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application, or (6) any other reasons justifying relief from the operation of the judgment.

■ Rule 60(b) grants courts "broad authority" to relieve a party from a final judgment "upon such terms as are just" as long as one of the six reasons set forth in the Rule apply. *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 108 S.Ct. 2194, 2204, 100 L.Ed.2d 855 (1988).

The Second Circuit has recognized that this Circuit's interpretations of the scope of Rule 60(b)(6) has varied greatly. *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir.1986) ("whether the water in the reservoir [of equitable power] is scant or grand is far from clear"). Most recently, Judge Leval has · stated that Rule 60(b) requires that "the evidence in support of the motion must be 'highly convincing,' a party must show good cause for failure to act sooner, and no undue hardship must be imposed on other parties." *Security Pacific Mortg. & Real Estate Serv., Inc. v. Herald Center Ltd.*, 731 F.Supp. 605, 611 (S.D.N.Y.1990) (citing *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir.1987)).

■ Canales contends that the Rule 60(b) requirements are met because the court was led erroneously to believe that she was represented by counsel at the time

---

**1.** The memorandum opinion inaccurately stated that the failure to comply with the statute of limitations deprived the court of subject matter jurisdiction to review the merits of the case when the sixty-day limit is a statute of limitations, not a jurisdictional requirement. *See Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). Accordingly, the memorandum opinion is amended to reflect this distinction.

of the decision and that her mental impairment rendered her incapable of understanding her right to appeal and her obligations in effectuating this federal action. Here, the erroneous representation by the Secretary that Canales was represented at the time of her administrative procedures, a fact relied upon by the court, would fall under 60(b)(1) and serves as a basis under which to reopen this case to determine whether or not equitable tolling is available for a mental disability. Accordingly, whether or not mental disability should provide the "extraordinary circumstances" requisite to reopen a judgment under 60(b)(6) is a question saved for another day.

Equitable Tolling

■ The Supreme Court has concluded that "application of a 'traditional equitable tolling principle' to the 60-day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress.'" *Bowen v. City of New York*, 476 U.S. 467, 480, 106 S.Ct. 2022, 2030, 90 L.Ed.2d 462 (1986) (quoting *Honda v. Clark*, 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244 (1967)). In *Bowen v. City of New York*, the Supreme Court affirmed the district court's holding that tolled the statute of limitations for Social Security claimants with mental illnesses whose claims for disability benefits had been denied based on improper promulgated standards contained in internal memoranda. 476 U.S. at 480, 106 S.Ct. at 2030. The Court emphasized that equitable tolling was consistent with the purpose of the Social Security Act which is "unusually protective of claimant." 476 U.S. at 480 n. 12, 106 S.Ct. at 2030 n. 12. The Court noted that the statute of limitations embodied in § 405(g), in addition to fulfilling its customary purposes of preventing stale claims and preserving evidence, "is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Id.* at 481, 106 S.Ct. at 2031. The Court, however, recognized that in a "rare case" courts may apply the principle of tolling so as not to undermine the purpose of the 60-day limitations period when viewed in connection with the underlying statute. Id. *See also Pittston Coal Group v. Sebben*, 488 U.S. 105, 109 S.Ct. 414, 425, 102 L.Ed.2d 408 (1988) (equitable tolling of limitations period for seeking administrative or judicial review not appropriate because "[t]he agency action not taken pursuant to a secret internal policy").

*Bowen* presented the "rare case" not because the claimants had mental illnesses but rather because the Secretary was found to have used covert, illegal criteria in adjudicating claims of individuals under the age of fifty who were alleging disability, or continued disability, due to mental illness. *Bowen*, 476 U.S. at 480–81, 106 S.Ct. at 2030–31 (quoting Second Circuit opinion's rationale that Government's clandestine policy merited equitable tolling). The Supreme Court cautioned, however, that in most cases where a claimant fails to bring a civil action within the time prescribed by statute, the Secretary should make the determination whether to extend the limitations period. *Id.* at 480, 106 S.Ct. at 2030. Finally, the Court recognized that, as a conditional waiver of sovereign immunity, the sixty-day period must be construed strictly, but not "unduly restrictively" and that tolling was appropriate given the facts of the *Bowen* case. *Id.* at 479, 481, 106 S.Ct. at 2031–31, 2030–31 (citing *Block v. North Dakota*, 461 U.S. 273, 287, 103 S.Ct. 1811, 1819–20, 75 L.Ed.2d 840 (1983)).

Several courts have recognized that equitable tolling arises when the party against whom it is asserted engages in some affirmative misconduct. *See e.g., Crawford v. United States*, 796 F.2d 924, 926 (7th Cir.1986) ("equitable tolling under the Federal Tort Claims Act is based on concealment or other misconduct by the defendant; and thus when applied to statutes of limitations against the government it penalizes the taxpayer because of the unauthorized acts of his servant, the civil servant. A doctrine that tolls the statute of limitations because of some incapacity of the plaintiff, like a discovery rule, ... is not founded on misconduct by government agents"); *DeBrunner v. Midway Equip-*

*ment Co.*, 803 F.2d 950, 952 (8th Cir.1986) (citations omitted) (equitable tolling in Age Discrimination in Employment Act is based on affirmative misconduct between private parties).

Here, Canales has not hinted at any misconduct by the Secretary, let alone misconduct sufficiently grave to justify an equitable tolling. Consequently, the question presented is whether a mental impairment, absent any misconduct by the Secretary, should provide the grounds for equitable tolling under the Act when the unrepresented claimant allowed her time to sue to expire, failed to request another extension from the Secretary, and failed to file any papers in opposition to the motion to dismiss her case, even though the Court contacted her by both mail and phone.

The Second Circuit case most analogous, and upon which the Secretary relies, is *Wong v. Bowen*, 854 F.2d 630 (2d Cir.1988). The Court in *Wong* observed that, "[e]quitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise their rights by acting in a misleading or clandestine way". 854 F.2d at 631. The Court went on to note that "[a]llowing disability claimants who have been denied benefits to toll the sixty-day period on grounds of poor health would thoroughly undermine Section 205(g)'s sixty-day limitation period". *Id.*

The Second Circuit recently has reiterated this understanding of Section 405(g) in *State of New York v. Sullivan*, 906 F.2d 910, 917 (2d Cir.1990). In *State of New York* the Court said that "cases occasionally arise where the equities in favor of tolling are 'so great that deference to the agency's judgment is inappropriate.'" 906 F.2d at 917 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330, 96 S.Ct. 893, 900, 47 L.Ed.2d 18 (1976)). The Second Circuit noted that the facts of the case presented in *State of New York* supported the district court's decision to toll because of the Secretary's conduct in failing to publish rules pursuant to regulations. 906 F.2d at 917.[2]

Whether or not mental impairment alone will support equitable tolling appears to be a question of first impression in the Southern District. Other district courts, however, have found that alleged mental impairments do not constitute a basis for tolling the sixty-day period. *See Carter v. Heckler*, 588 F.Supp. 87, 90 (N.D.Ill.1984) (mental disability does not toll sixty-day period); *Palucis v. Schweiker*, 523 F.Supp. 199, 200.01 (W.D.Pa.1981) (holding plaintiff bound by sixty-day limitations period, notwithstanding claim, in part, that he suffered from mental impairment allegedly affecting his ability "to monitor and direct the proper disposition of his claim"). Furthermore, there is a line of authority supporting the proposition that mental incompetence does not toll federal statutes of limitation in cases involving claims against the government, *Bassett v. Sterling Drug, Inc.*, 578 F.Supp. 1244, 1246 (S.D.Ohio 1984). The cases often involve the Federal Tort Claims Act (FTCA), a statute that contains no provisions for tolling and where equitable tolling principles are inapplicable. *Id.* at 1246; *see also Carter v. Heckler*, 588 F.Supp. at 90 n. 2 (the principle behind both the Federal Tort Claims Act and the Social Security Act "should be no different").[3]

---

**2.** However, unlike in *Wong,* where the Court indicated that equitable tolling thus far only has been allowed in cases where the government has hindered a claimant's pursuit of rights, the Court in *State of New York* did indicate that equitable tolling where government misconduct prevents plaintiffs from pursuing their claims was an "example" of an appropriate case where equitable tolling may arise. *Compare Id.* at 917 ("*For example,* equitable tolling is in order when government misconduct keeps plaintiffs from appreciating the scope of their rights." (citations omitted) (emphasis added)); *Wong v. Bowen,* 854 F.2d 630, 631 (citing *DeBrunner v. Midway Equipment Co.,* 803 F.2d 950, 952 (8th Cir.

1986) (equitable tolling appropriate only where party against whom it is invoked engages in affirmative misconduct)).

**3.** The cases cited by Canales are not on point. In instances where a mental impairment exists, the case law supports the proposition that an individual's mental impairment may preclude meaningful use of her appeal rights *in the administrative process. Elchediak v. Heckler,* 750 F.2d 892 (11th Cir.1985); *Penner v. Schweiker,* 701 F.2d 256 (3d Cir.1983); *Brittingham v. Schweiker,* 558 F.Supp. 60 (E.D.Pa.1983); *Kapp v. Schweiker,* 556 F.Supp. 16 (N.D.Cal.1981). In

The Supreme Court has indicated that waivers of sovereign immunity are to be strictly construed. Indeed, *Pittston Coal* may stand "for the proposition that equitable tolling and excusal of exhaustion are not appropriate unless the government's clandestine actions have kept plaintiffs from appreciating the scope of their rights." *See Bailey v. Sullivan*, 885 F.2d 52, 64 (3rd Cir.1989) (citing *Wong v. Bowen*).

Canales does not present the "rare case" discussed in *Bowen v. City of New York*, 476 U.S. 467, 480 n. 12, 106 S.Ct. 2022, 2030 n. 12, 90 L.Ed.2d 462 (1986) where the period of limitation of 42 U.S.C. § 405(g) should be tolled by the courts. The statute here is designed to be remedial and humanitarian—to help those with disabilities. Given the nature of the statute, and the frequency with which a claim of mental impairment would arise—equitable tolling on the basis of mental impairment would not comport with the Supreme Court's strict construction of the waiver of sovereign immunity for "rare cases" only. On the contrary, to toll on this basis would erode the very purpose of having a statute of limitations.

Canales was not represented at her administrative proceedings. Although her present counsel states that Canales did not understand that she had the right to a further appeal, Canales must have been aware of the necessity to appeal because she did file, albeit untimely, a *pro se* complaint. Since the denial of the first application, the Secretary has granted the second application for benefits recognizing Canales' suffering from a disabling mental illness within the meaning of the Act and implementing regulations. Presented with these circumstances and Second Circuit case law to date, the statute will not be tolled on the equities Canales has set forth.

It is so ordered.

*Elchediak* a disability benefits applicant appealed from an order dismissing his complaint for lack of jurisdiction. He contended that his mental illness precluded him from litigating his claim for disability benefits since it prevented him from effectively proceeding with a timely appeal. The court reversed the order, acknowledging that applicant's mental illness raises a constitutional question of adequate notice. *Elchediak,* 750 F.2d at 894–5. In *Elchediak,* the Court remanded the case to the Secretary to make a determination of the severity of the claimant's mental illness and whether it prevented him, in fact, from understanding and pursuing his administrative remedies. *Id.*

Similarly, in *Young v. Bowen,* 858 F.2d 951 (4th Cir.1988) the Court held the Secretary could not prevent the claimant from rearguing a case because "[i]t offends fundamental fairness ... to bind a claimant to an adverse ruling who lacks both the mental competency and the legal assistance necessary to contest the initial determination." *Id.* at 955. The Court allowed the mentally impaired claimant to reopen a 4–year old claim previously denied by the Secretary and stated that its due process holding "operates with equal force whether the Secretary relies upon res judicata or some other procedural limitation." *Id.; See also Culbertson v. Secretary of Health & Human Serv.,* 859 F.2d 319 (4th Cir.1988) (relying on *Young v. Bowen* and concluding the Secretary could not refuse to reopen a case after a claimant established a prima facie case of mental impairment).