**Dolores CANALES, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.**

Nos. 1507, 1508, Docket 90–6144, 90–6306.

United States Court of Appeals, Second Circuit.

Argued May 16, 1991.

Decided June 27, 1991.

Kenneth J. Barnes, New York City (Bronx Legal Services, Guilene Cherenfant, of counsel), for plaintiff-appellant.

* Morris E. Lasker, United States Senior District Court Judge for the Southern District of New

Sapna V. Raj, Sp. Asst. U.S. Atty., S.D. N.Y., New York City (Otto G. Obermaier, U.S. Atty., S.D.N.Y., Edward T. Ferguson, III, Asst. U.S. Atty., of counsel), for defendant-appellee.

Before LUMBARD and CARDAMONE, Circuit Judges, and LASKER,* District Judge.

LUMBARD, Circuit Judge:

Dolores Canales appeals the October 31, 1990 order of the Southern District of New York, Robert W. Sweet, Judge, which dismissed her complaint for failure to comply with the 60–day statute of limitations of 42 U.S.C. § 405(g) (1988). Canales sought judicial review of a final decision of the Secretary of Health and Human Services, denying her application for disability benefits under Title XVI of the Social Security Act and the regulations promulgated thereunder. 42 U.S.C. §§ 1381–1383c (1988); 20 C.F.R. §§ 416.101–416.2227 (1990). She contends that the statute of limitations should have been equitably tolled because her mental impairment prevented her from filing a timely appeal. We conclude that mental impairment may warrant equitable tolling of the statute of limitations under some circumstances. Because Canales has averred that mental impairment prevented her from filing a timely appeal, we reverse the district court's dismissal of her complaint and remand for an evidentiary hearing to determine if her condition warrants equitable tolling.

In August 1986, Canales, *pro se*, applied for Supplemental Security Income ("SSI"), alleging disability due to diabetes mellitus, a nervous condition, anemia, and asthma. Since January 1986, Canales also has been treated for a major depressive disorder compounded by psychotic features, paranoid ideation, irritability, crying spells, and headaches. Her depression is compounded by acute difficulties of concentration, anxiety, and loss of memory.

York, sitting by designation.

In January 1987, Canales' SSI application was denied.[1] In March, she requested reconsideration and sought a hearing before an Administrative Law Judge. After a hearing in which Canales testified, the ALJ determined, in a December 7, 1987 decision, that Canales was not disabled. The decision informed Canales that she had 60 days in which to request that the Social Security Appeals Council review the ALJ's decision. Canales appealed. In a letter dated April 29, 1988, the Appeals Council upheld the ALJ's decision. This letter advised Canales of her right to obtain judicial review by filing a complaint in the district court within 60 days of her receipt of the letter.

According to Canales, when she received the Appeals Council decision, she was still receiving treatment for her psychiatric conditions, which had not improved. Because she does not understand English very well, Canales' 12-year-old daughter read the decision to her. Canales averred that she realized that the agency's final decision was to deny her benefits, and this made her very depressed and upset. She also asserts that she did not understand that she could appeal the decision, although this was explicitly stated in the latter portion of the Secretary's letter.

Several months later, an attorney at Bronx Legal Services told Canales that she could appeal the decision, but that she had missed "an important deadline." She was instructed to go to the *pro se* clerk's office in the district court and to ask to file a complaint.

On August 12, forty days after the expiration of the 60-day period, Canales filed a complaint *pro se* in the Southern District. According to Canales, the clerk's office told her that the case would not be reviewed because the papers were late. When she heard this, Canales again became very despondent. She did not return to the court or file any more papers.

On October 24, 1989, the Secretary moved to dismiss the complaint for failure to comply with the statute of limitations. Canales did not oppose the motion, the district court confirmed this position by telephoning Canales and by sending her a letter. In a memorandum opinion filed on February 20, 1990, the district court granted the Secretary's unopposed motion to dismiss Canales' complaint.

On April 23, 1990, Canales, now represented by counsel, moved for relief from the judgment, pursuant to Fed.R.Civ.P. 60(b). Canales alleged, correctly, that the Secretary had erroneously informed the district court that Canales had been represented by counsel in the prior administrative proceedings. Canales also argued that the court should reach the merits of her claim, as her mental impairment justified equitable tolling of the 60-day limitations period.

In support of the claim, Canales submitted an affidavit in which she described her history of physical and psychiatric medical conditions. With regard to her alleged impairment during the 60-day period between the Secretary's final decision and the expiration of the statute of limitations, she stated that the decision denying her benefits made her "extremely depressed and upset." She also said, "I did not understand that I was supposed to go see another judge for my case, beyond the level of the Social Security Administration. I believed that I had lost and that it was, therefore, the end of my case."

In a September 9 opinion, the district court granted Canales' motion for relief from judgment under Fed.R.Civ.P. 60(b). *See Canales v. Sullivan,* 745 F.Supp. 978, 980 (S.D.N.Y.1990). Judge Sweet declined, however, to reach the merits of Canales' SSI claim, as he found that equitable tolling was unwarranted by the circumstances. *Id.* at 982.[2] The opinion also expressed

---

**1.** In November 1989, Canales reapplied for SSI; this claim was granted on March 6, 1990. As such, her present claim concerns retroactive benefits between March 1986 and November 1989.

**2.** Judge Sweet cited two factors as relevant to this determination: that Canales eventually filed a complaint, which evidenced her awareness of the necessity to appeal; and that Canales reapplied and has been granted benefits by the Secretary. While the first factor may be probative

doubt as to whether this court would permit equitable tolling in cases where there had been no government misconduct. *Id.* at 981–82.

■ We agree with Judge Sweet that "[e]quitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way." *Wong v. Bowen,* 854 F.2d 630 (2d Cir.1988) (per curiam). In *Wong,* we affirmed the dismissal of an untimely complaint filed by a plaintiff who claimed that illness prevented her from filing earlier. *Id.* at 631. The court stated, "Allowing disability claimants who have been denied benefits to toll the sixty-day period on grounds of poor health would thoroughly undermine Section 205(g)'s sixty-day limitation period." *Id.* The court noted that Wong had not alleged government misconduct, and cited the Eighth Circuit opinion in *DeBrunner v. Midway Equipment Co.,* 803 F.2d 950, 952 (8th Cir.1986), which held that equitable tolling arises upon some positive misconduct by the party against whom it is asserted. *Id.*

Since *Wong,* this court has rejected the position that equitable tolling is permissible only in misconduct cases. *See State of New York v. Sullivan,* 906 F.2d 910, 917 (2d Cir.1990). In *State of New York,* we stated in dicta that "[e]quitable tolling of the limitations period found in Section 405(g) is not infrequently appropriate, as Congress intended to be 'unusually protective' of claimants in this area." *Id.* (citations omitted). Further, "[w]hile the decision whether to extend the period is usually left to the Secretary,[3] cases occasionally arise where the equities in favor of tolling are 'so great that deference to the agency's judgment is inappropriate.'" *Id.* (citations omitted). The court then stated that government misconduct is only one exam-

ple of the circumstances under which equitable tolling is appropriate. *Id.*

In *Elchediak v. Heckler,* 750 F.2d 892 (11th Cir.1985), the court acknowledged that an SSI claimant suffering from mental illness may raise a colorable due process claim when he asserts that his mental illness prevented him from proceeding from one administrative level to another in a timely fashion. *Id.* at 894. Although a federal court cannot ordinarily review the Secretary's denial of a claimant's request to reopen a claim, as it is not a final decision, *see Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977); 42 U.S.C. § 405(g) (1988), if the claim raises a colorable constitutional issue, it is appropriate for judicial consideration. *See Sanders,* 430 U.S. at 109, 97 S.Ct. 980; *Elchediak,* 750 F.2d at 894. Moreover, a due process claim "seems peculiarly apropos in the context of Social Security disability benefit proceedings in which, as here, the very disability that forms all or part of the basis for which the claimant seeks benefits may deprive her of the ability to understand or act upon notice of available administrative procedures." *Id.* (quoting *Parker v. Califano,* 644 F.2d 1199, 1203 (6th Cir.1981)). A number of other courts are in accord with the *Elchediak* analysis. *See Young v. Bowen,* 858 F.2d 951 (4th Cir.1988); *Parker,* 644 F.2d 1199; *Torres v. Secretary,* 475 F.2d 466 (1st Cir.1973); *Hines v. Bowen,* 671 F.Supp. 10 (D.N.J.1987); *Brittingham v. Schweiker,* 558 F.Supp. 60 (E.D.Pa.1983); *Kapp v. Schweiker,* 556 F.Supp. 16 (N.D. Cal.1981).

■ While we recognize that *Elchediak* dealt with mental illness preventing a claimant from proceeding from one administrative level to another, its analysis is also apposite where a mentally impaired claimant attempts to advance from the Ap-

---

of Canales' condition during the 60–day period and, therefore, relevant to the consideration of equitable tolling, we believe that Canales' subsequent receipt of benefits is irrelevant.

**3.** The Secretary has the authority to grant extensions of the 60–day statute of limitations. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 416.1482. Although the Secretary and the district court state

that Canales never requested an extension, *see Canales,* 745 F.Supp. at 979, the record includes a letter to the Appeals Council dated July 9, 1990, which makes such a request. The record does not reflect whether this request was received by the Secretary and, if it was, whether it was ever acted upon.

peals Council to a district court. Accordingly, we believe that equitable tolling of the 60–day statute of limitations of Section 405(g) may be warranted in cases where an SSI disability claimant fails to seek judicial review in a timely manner because of mental impairment.[4] Where a claimant avers incapacity due to mental impairment during the 60–day period, the district court should permit the claimant to present evidence in support of this claim. If the claimant proves that she was incapacitated for any length of time during the 60–day period, then the district court can determine whether, considering all of the circumstances of the case, equitable tolling is warranted.

In this case, because Canales' affidavit avers that mental impairment prevented her from comprehending her right to judicial review, we conclude that the district court should have permitted her to attempt to prove this claim.[5] We reverse the dismissal of Canales' action and remand for an evidentiary hearing at which the district court can determine whether equitable tolling of the 60–day statute of limitations is appropriate.

Reversed and remanded.

---

4. We disagree with the courts that have concluded that mental impairment cannot justify equitable tolling. *See, e.g., Carter v. Heckler,* 588 F.Supp. 87, 90 (N.D.Ill.1984); *Palucis v. Schweiker,* 523 F.Supp. 199, 200–01 (W.D.Pa. 1981).

We also note that the Secretary has argued, in a Fourth Circuit case, that mental impairment was the critical factor that justified equitable tolling in the Supreme Court decision of *Bowen v. City of New York,* 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). *See Hyatt v. Heckler,* 807 F.2d 376, 378 (4th Cir.1986).

5. The author of this opinion disagrees with the other panel members concerning the necessity of an evidentiary hearing in this case. First, Judge Lumbard believes that Canales' affidavit insufficiently averred facts to support her claim of incapacity during the 60–day period. Judge Lumbard also questions whether equitable tolling is appropriate where the Secretary's final decision and notice of right of appeal allegedly causes the period of mental impairment.