**Roy CASTLE, Plaintiff,**

**v.**

**Shirley S. CHATER, Commissioner of Social Security, Defendant.**

**Civil Action No. 96–15.**

United States District Court,
E.D. Kentucky.

April 30, 1996.

Thomas W. Moak, Stumbo, Bowling & Barber, Prestonsburg, KY, for plaintiff.

John S. Osborn, III, U.S. Attorney's Office, Lexington, KY, for defendant.

848

## MEMORANDUM OPINION

UNTHANK, Senior District Judge.

### INTRODUCTION

The above-styled action is an appeal from an unfavorable administrative decision on the plaintiff's claim for Disability Insurance Benefits (DIB) under the Social Security Act. The Secretary has moved to dismiss the action, on the ground that this appeal to the federal courts was not filed within the requisite sixty-day period required by 42 U.S.C. Section 405(g).

### APPLICABLE LAW

In the absence of arguments alleging an erroneous calculation of the sixty-day period, a plaintiff must content that a motion to dismiss should be denied because "equitable circumstances" exist to toll the limitations period.

In *Bowen v. City of New York,* 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986), it was determined that the sixty-day period could be tolled by equitable considerations. *Bowen,* 476 U.S. at 480, 106 S.Ct. at 2030. Such circumstances, described by the Court in a footnote, could include illness, accident, destruction of records, mistake or a claimant's misunderstanding of the appeals process. *Id.* at n. 12.

The undersigned has determined that courts in other circuits have found "equitable circumstances" which could justify the tolling of the appeal period to include situations:

(1) Where a *clandestine* agency policy or procedure has a direct impact on the appeal procedure, or the ability to make a meaningful decision to appeal, to the federal courts—e.g., *Bowen v. City of New York,* 476 U.S. at 481, 106 S.Ct. at 2030; *State of New York v. Sullivan,* 906 F.2d 910 (2nd Cir.1990);

(2) Where confusion over the status of a claim or the appeal procedure itself, on the part of either a claimant or his representative, is reasonably traceable to some conduct (or omission in the fact of a direct,

diligent inquiry regarding appeal) on the part of the agency or its representatives—e.g., *Vernon v. Heckler,* 811 F.2d 1274, 1278 (9th Cir.1987); *Aschettino v. Sullivan,* 724 F.Supp. 1116 (W.D.N.Y.1989); or

(3) In the case of a claimant unaccompanied by counsel, where there exists a mental impairment of sufficient magnitude to cast doubt on his ability to understand the appeals process—e.g., *Canales v. Sullivan,* 936 F.2d 755 (2nd Cir.1991).

In any of these instances, the shorter the time lapse and the more diligent the conduct on the part of the claimant or his attorney, the more easily a court may find justification for the tolling.

Since *Bowen,* there have been relatively few published opinions from the Sixth Circuit Court of Appeals to more precisely define what specific instances would be considered to justify tolling the limitations period under Section 405. In the case of *Day v. Shalala,* 23 F.3d 1052 (6th Cir.1994), the Sixth Circuit merely held that a particular unpublished—but not clandestine or secretive—policy would not present an instance of equitable tolling.

### DISCUSSION

In the present case, the plaintiff essentially concedes that there *was* a ten day delay in filing suit and that the *Defendant* was not in any way associated with the delay. *Plaintiff's Memorandum in Support of Response to Motion to Dismiss,* Docket Entry No. 5. Also missing is any allegation that the plaintiff was, at any critical juncture, unrepresented by counsel.

Rather, the plaintiff's counsel seeks to explain the delay by arguing that "an unusually heavy snowfall ... [had] shut down most of the roads and offices in the state" in early 1996. Council provides no further specifics, including any explanation of why he had not at least sought an extension of time from the administrative agency or why the complaint could not have been filed sooner than the full 10 day period.[1]

The motion to dismiss will be granted.

1. The undersigned takes judicial notice that the snowfall described did not incapacitate the state

for the full 10 day period, by any means. Additionally, in the age of FAX transmission capabili-

**ORDER**

In accordance with the Memorandum Opinion of this date,

IT IS HEREBY ORDERED that the Defendant's Motion to Dismiss is GRANTED; the case is STRICKEN from the active docket of this Court.

ties, the effects of some natural "disasters" can be mitigated.