**Daniel C. LAURSEN, Plaintiff,**

v.

**Larry G. MASSANARI, Acting Commissioner of Social Security,[1] Defendant.**

**No. 00–CV–1271 FB.**

United States District Court, E.D. New York.

Sept. 25, 2001.

The Court has substituted Larry G. Massanari as Apfel's successor pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Kevin Michael Elford, Staten Island, New York, for the plaintiff.

Alan Vinegrad, United States Attorney, Eastern District of New York, Brooklyn, New York, by Philip J. Miller, Assistant United States Attorney, for the defendant.

### MEMORANDUM AND ORDER

BLOCK, District Judge.

Plaintiff, Daniel C. Laursen ("Laursen"), brings this action pursuant to 42 U.S.C. § 405(g) seeking review of the final order of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB"). The Commissioner moves to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for failure to timely commence the action. Because the Court concludes that the Commissioner failed to provide adequate notice of its procedural rules, the motion is denied.

## BACKGROUND

Laursen filed an application for DIB on September 25, 1996; the application was denied. On December 6, 1997, after *de novo* review by an administrative law judge ("ALJ"), Laursen was found not disabled within the meaning of the Social Security Act.

Laursen requested review of the ALJ's decision by the Appeals Council. By letter dated December 8, 1999, the Appeals Council denied the request; consequently, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. The letter advised Laursen that he had a right to commence a civil action in the United States District Court within sixty (60) days of receipt of the letter. It also gave the following notice: "[I]f you cannot file your complaint within 60 days, you may ask the Appeals Council to extend the time in which you may begin a civil action. However, the Council will only extend the time if you provide a good reason for not meeting the deadline. Your reason(s) must be set forth clearly in your request." Waxman Decl.Ex. 2.

On February 28, 2000, Laursen, who had not been represented by counsel, requested an extension from the Appeals Council to file his civil action. Laursen explained that he had difficulty obtaining an attorney within the allotted 60 days but that he

finally found one and expected to retain him in the next week. *See* Waxman Decl. Ex. 3. Four days later, on March 3, 2000, Laursen, now represented by counsel, filed his complaint. Thereafter, on April 24, 2000, the Appeals Council denied the extension request, stating that "you did not request the extension until after the 60 days allowed had lapsed. You should have requested the extension within the time allotted. Therefore, the Appeals Council does not find that there is good cause for granting you an extension of time to file a civil action." *Id.* at Ex. 4. The Rule 12(b)(1) motion followed.

## DISCUSSION

42 U.S.C. § 405(g), which authorizes judicial review by district courts of final decisions of the Commissioner, provides in relevant part: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within 60 days after the mailing to him of notice of such decision or *within such further time as the Commissioner of Social Security may allow.*" (Emphasis added). Thus, Congress has delegated to the Commissioner the power to extend the 60–day period of limitations. Pursuant to this grant of power, the Commissioner has enacted the following regulation:

> Any party to the Appeal Council's decision or denial of review, or to an expedited appeals process agreement, may request that the time for filing an action in Federal district court be extended. The request must be in writing and it must give the reasons why the action was not filed within the stated time period. The request must be filed with the Appeals Council, or if it concerns an expedited appeals process agreement, with one of our offices. If you show that

you had good cause for missing the deadline, the time period will be extended. To determine whether good cause exists, we use the standards explained in § 404.911.

20 C.F.R. § 404.982.

Section 404.911 provides a list of nine factors the Commissioner considers in making its "good cause" determination. Since the Commissioner rejected plaintiff's request as untimely, the good cause issue was never reached.

█ Notably absent from both the Commissioner's regulation authorizing requests to extend the 60–day filing requirement and the notice that the claimant received is that the request must be made within such 60–day period. The Commissioner has obviously interpreted its extension regulation as requiring the extension request to be made within that time frame and, furthermore, is apparently of the belief that its notice sufficiently apprises a claimant wishing to seek an extension of time to file a civil action that he or she cannot do so after the 60–day period expires. These conclusions are at variance with fundamental principles of due process.

It is well established that "[a] claim of entitlement to social security benefits triggers due process protection." *Rooney v. Shalala,* 879 F.Supp. 252, 255 (E.D.N.Y. 1995) (citing *Mathews v. Eldridge,* 424 U.S. 319, 332–33, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). Adequate notice is "an elementary and fundamental requirement of due process." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). It "must be of such nature as to reasonably convey the required information." *Id.* To that end, "[d]ue process requires that the [Commissioner] give claimants notice reasonably calculated to apprise them of the pendency of action which may permanently

affect their rights." *Rooney,* 879 F.Supp. at 255 (citing *Day v. Shalala,* 23 F.3d 1052, 1064–66 (6th Cir.1994)).

Neither the extension regulation nor the notice to plaintiff satisfies this bedrock principle of constitutional law. It would be a simple matter to provide that an extension *must be sought within the original 60–day time frame.* It is not sufficient to presume that this is implicit; it must be explicit. In any event, one may fairly debate whether such notice is implicit. Notably, the extension regulation speaks in terms of "missing the deadline," clearly suggesting that the extension request can be made *after* the deadline. This is reinforced by the "good cause" regulation incorporated by reference in § 404.982 which, in addition to being a source of confusion since its focus by its title and terms is geared to the administrative review process regarding the reopening or reconsideration of administrative adjudicatory determinations, speaks in terms of "missing a deadline to request review." 20 C.F.R. § 404.911(a). In that respect, it asks the claimant to set forth, *inter alia,* "[w]hat circumstances kept you from making the request on time." 20 C.F.R. § 404.911(a)(2). This suggests that since a good faith request for an administrative review can be made after the normal time has expired, the same could be said for a request for an extension of time to initiate a civil action.[2]

To be added to the mix is the realization that many claimants for social security benefits are not well educated or are not adept in the English language; moreover, they invariably are not represented by counsel. The courts have therefore charged the Commissioner with a heightened responsibility to vouchsafe their rights, including the need for express notice of procedural rules. *See Frank v. Chater,* 924 F.Supp. 416, 422 (E.D.N.Y. 1996) (citing *Echevarria v. Secretary of Health and Human Servs.,* 685 F.2d 751, 755–57 (2d Cir.1982)); *see also Weinstein v. Albright,* No. 00 Civ. 1193, 2000 WL 1154310, at *3 (S.D.N.Y. Aug. 14, 2000) (*pro se* party must receive express notice of procedural rules) (citing *McPherson v. Coombe,* 174 F.3d 276, 281 (2d Cir.1999)); *Vital v. Interfaith Medical Ctr.,* 168 F.3d 615, 620–21 (2d Cir.1999)); *Christopher v. Secretary of Health and Human Servs.,* 702 F.Supp. 41, 43 (N.D.N.Y.1989) ("[T]he [Commissioner] has an affirmative duty to avoid providing applicants with misleading information, especially when applicant was without counsel at the time … and relied on the plain language of her denial notice" (internal quotation marks omitted)).[3]

Examples of clear and simple rules governing requests for extensions of time to appeal abound. For example, Fed. R.App.P. 4(a)(5) provides that the district court may extend the time to file a notice of appeal in a civil action if "a party moves no later than 30 days after the time prescribed by this Rule 4(a) expires[.]" Fed.

---

**2.** "Although a federal court cannot ordinarily review the [Commissioner's] denial of a claimant's request to reopen a claim, as it is not a final decision, if the claim raises a colorable constitutional issue, it is appropriate for judicial consideration." *Canales v. Sullivan,* 936 F.2d 755, 758 (2d Cir.1991)(internal and external citations omitted). Therefore, even if, unlike the present case, there was no appeal from a final decision, the Court would still have jurisdiction to consider the

constitutional adequacy of the Commissioner's notice.

**3.** Consistent with this responsibility, the Commissioner asks claimants under its "good faith" regulation governing extension requests, "[w]hether our action misled you," § 404.911(a)(2), and whether the clamant was given "incorrect or incomplete information about when and how to … file a civil suit." § 404.911(a)(6).

R.App.P. 4(b)(4), governing appeals in criminal cases, provides that "[u]pon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Thus, whenever Congress has spoken, it has recognized the constitutional need to afford clear notice to those seeking extensions for the adjudication of their legal claims. The Commissioner must do the same.

The remaining question is one of remedy. If the plaintiff knew that he had to act within 60 days, he might very well have filed his lawsuit *pro se* rather than forestall filing while he sought an attorney. Even if he chose instead to request an extension within the 60–day period in the hope that an attorney would be able to draft the complaint, he might have received a decision before the 60–day period expired. If negative, he logically would have then timely filed.

■ In short, it was the government's conduct in providing inadequate notice that undoubtedly mislead the plaintiff. There is nothing in this record to suggest that he acted in bad faith. To the contrary, the extension application was filed just a few weeks after the expiration of the 60–day period, and the complaint, signed by counsel, was filed just four days later. All signposts indicate that this is a case ripe for equitable tolling of a filing deadline, which invariably has been allowed in social security cases of government misconduct. *See Canales v. Sullivan,* 936 F.2d 755, 758 (2d Cir.1991) (citing cases). As noted in *Canales,* "[e]quitable tolling of the limitations period found in Section 405(g) is not infrequently appropriate, as Congress intended to be unusually protective of claimants in this area." *Id.* (internal quotation marks omitted). In the present case, the need for equitable tolling is so clear that there is no reason to remand since the usual deference afforded administrative agencies to consider whether the filing period should be extended would be inappropriate. *See id.* ("[C]ases occasionally arise where the equities in favor of tolling are 'so great that deference to the agency's judgment is inappropriate.' "). Nor, given the circumstances, is there need for the Court to conduct a hearing. *Cf. id.* (hearing required to determine whether claimant was mentally incapacitated during 60–day period).

## CONCLUSION

The Commissioner's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) is denied.

**SO ORDERED**