**Juanita DAVILA, Plaintiff,**

v.

**Jo Anne BARNHART, Commissioner of Social Security, Defendant.**

No. 02 Civ. 194 (DLC).

United States District Court, S.D. New York.

July 17, 2002.

■■■■■■■■■■■■■■■■

Christopher James Bowes, Center for Disability Advocacy Rights, Inc., New York City, for plaintiff.

Lorraine S. Novinski, Assistant United States Attorney United States Attorney's Office, New York City, for defendant.

### MEMORANDUM OPINION AND ORDER

COTE, District Judge.

In this case the Court must determine whether an attorney's miscalculation of a filing deadline will deprive a social security claimant of the right to appeal the adverse decision of the Commissioner of Social Security (the "Commissioner") when the appeal was filed one day too late. Plaintiff Juanita Davila ("Davila") commenced this action pursuant to 42 U.S.C. § 405(g), for judicial review of the Commissioner's decision that she is not disabled. The Commissioner moved to dismiss the complaint as time barred, and through a Memorandum Opinion and Order dated April 1, 2002, briefing was requested on whether the mistaken belief of plaintiff's attorney that the complaint was filed on a timely basis is a ground for equitable estoppel. *See Davila v. Barnhart,* No. 01 Civ. 194(DLC), 2002 WL 484678 (S.D.N.Y. Apr.1, 2002).[1] Based on the supplemental briefing of the parties and because the mistaken belief of an attorney as to the timeliness of filing is not a ground for equitable estoppel, the defendant's motion to dismiss is granted.

### DISCUSSION

■■■■■ Section 405(g) of Title 42, United States Code, requires that claims be presented in district court within 60 days of a final decision, or within such further time as the Commissioner of Social Security may allow. Because the 60–day time limit defines the terms on which the United States waives its sovereign immunity and consents to be sued, it is strictly construed. *Bowen v. City of New York,* 476 U.S. 467, 479, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986); *Randell v. United States,* 64 F.3d 101, 106 (2d Cir.1995). Nonetheless, the 60–day requirement "is not jurisdictional, but rather constitutes a period of limitations." *Bowen,* 476 U.S. at 478, 106 S.Ct. 2022. Moreover, the statute containing this limitations period was designed by Congress to be " 'unusually protective' of claimants." *Id.* at 480, 106 S.Ct. 2022 (quoting *Heckler v. Day,* 467 U.S. 104, 106, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984)); *see also Dixon v. Shalala,* 54 F.3d 1019, 1028 (2d Cir.1995). Congress has explicitly authorized the Commissioner to toll the 60–day limit, 42 U.S.C. § 405(g), and traditional equitable tolling principles apply to the 60–day limit as well. *Bowen,* 476 U.S. at 480, 106 S.Ct. 2022. Because of the protective nature of the statute for claimants, the Second Circuit has observed that equitable tolling of the limitations period is "not infrequently appropriate." *State of New York v. Sullivan,* 906 F.2d 910, 917 (2d Cir.1990). "While in most cases the Secretary will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is

---

1. By letter dated April 15, 2002, the plaintiff requested the Commissioner's Appeals Council to extend her time to file this civil action. The Appeals Council denied that request on May 17, 2002, concluding that the plaintiff had "not provided any information that would persuade the Appeals Council that an extension of time is appropriate."

inappropriate." *Bowen,* 476 U.S. at 480, 106 S.Ct. 2022 (citation omitted).

■ Plaintiff bears the burden of establishing the exceptional circumstances that warrant equitable tolling. *Boos v. Runyon,* 201 F.3d 178, 185 (2d Cir.2000). The Second Circuit has rejected the position that equitable tolling is permissible only in cases of Government misconduct, holding in *Canales v. Sullivan,* 936 F.2d 755 (2d Cir.1991), that "mental impairment may warrant equitable tolling of the statute of limitations under some circumstances." *Id.* at 756; *see also Stieberger v. Apfel,* 134 F.3d 37, 40 (2d Cir.1997). Courts have also tolled the limitations period where the final notice was sent in English to a claimant accustomed to receiving such notices in Spanish, *Correa v. Bowen,* 682 F.Supp. 755, 757 (S.D.N.Y.1988), where the Commissioner failed to provide adequate notice of the procedural rules governing requests for extensions of filing time, *Laursen v. Massanari,* 164 F.Supp.2d 317, 321 (E.D.N.Y.2001), and where a *pro se* claimant received conflicting information about the filing deadline, *Hernandez v. Sullivan,* No. 91 Civ. 1836(LBS), 1991 WL 243451, at *3 (S.D.N.Y. Nov.8, 1991).

■ None of these circumstances is present in this case. The plaintiff argues instead that equitable tolling should apply because her attorney mistakenly believed that the complaint was timely filed. The Second Circuit, along with its sister Circuits, has found in the course of applying limitations periods imposed in other statutory regimes that attorney error does not constitute an extraordinary circumstance justifying equitable tolling. *Smaldone v. Senkowski,* 273 F.3d 133, 138–39 (2d Cir. 2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1606, 152 L.Ed.2d 621 (2002) (AEDPA) (collecting cases); *see also Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (Title VII) ("principles of equitable tolling ...

do not extend to what is at best a garden variety claim of excusable neglect").

Of the cases equitably tolling the 60–day period, only one involved a miscalculation of the filing deadline. In *Hernandez v. Sullivan,* No. 91 Civ. 1836(LBS), 1991 WL 243451 (S.D.N.Y. Nov.8, 1991), the *pro se* plaintiff was provided with conflicting information by a court and by an attorney as to the deadline for filing a complaint. Because the *pro se* claimant in *Hernandez* followed the advice given by Queens Legal Services, the district court concluded that she did not sleep on her rights and that, in light of the conflicting information provided, equitable tolling was appropriate. *Id.* at *3. In contrast, Davila was represented by counsel at the time the complaint was filed. There has been no suggestion that Davila or her attorney received conflicting information from either the Government or the Court as to the filing deadline. Davila's attorney has been unable to explain why he mistakenly thought the complaint was filed within the 60–day limitations period. As noted above, attorney error or miscalculation is not one of the rare circumstances in which equitable tolling is permissible.

In her reply memorandum, the plaintiff also argues that her asthmatic condition prevented her from keeping a December 14, 2001 meeting with her attorney to fill out an *in forma pauperis* petition in connection with this appeal. Her telephone had also been disconnected. Her attorney's inability to reach her by telephone is argued to have left the attorney with the options of either having the Center for Disability Advocacy pay the filing fee or assuming that the plaintiff had changed her mind and had decided not to proceed with the appeal she had already asked the Center to file on her behalf. Normally, arguments first made in a reply need not be considered, *Fifth Avenue Presbyterian*

*Church v. City of New York*, 293 F.3d 570, 576 (2d Cir.2002), but this argument was spurred by the intervening decision in *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506 (2d Cir.2002).

In *Chapman*, the plaintiff filed an untimely appeal to an ERISA plan administrator. The Second Circuit observed that an attorney's "want of diligence" would ordinarily not support equitable tolling. *Id.* at 512. In *Chapman*, however, the court remanded the case for a hearing to determine whether the claimant's "mental illness impaired counsel's efforts to file a timely request for review." *Id.* at 514.

Davila does not assert that she suffers from a psychological impairment that prevented her from reliably communicating her intentions to her attorney. It is undisputed that she had instructed her counsel to appeal. It also remains undisputed that the late filing occurred because of her attorney's miscalculation of the filing deadline.

■ Nor do Davila's submissions require a hearing to determine whether any of her impairments caused the late filing. The filing was made on January 7, without any *in forma pauperis* petition. The submissions discuss the plaintiff's failure to attend an appointment with her attorney on December 14, but do not explain what happened between December 14 and January 7 to cause the filing on January 7 or to cause the filing to be late. The submissions are silent on whether the plaintiff or her attorney took steps to contact each other after the attorney unsuccessfully attempted to reach the plaintiff by telephone at her residence. There is no discussion of attempts by the plaintiff to use a neighbor's telephone, to communicate with the attorney through a friend or relative, or by either the plaintiff or her attorney to write to each other. Given the failure to assert sufficient facts to raise an issue as to the cause of the late filing, and the fact that the burden to show equitable tolling is on the plaintiff, it is unnecessary to hold an evidentiary hearing.

In this case, the strict application of the traditional principles of equitable tolling seems particularly harsh, for Davila filed her complaint only one day late. Because the 60–day limit is a waiver of sovereign immunity which must be strictly construed, however, "courts have not hesitated to enforce the 60–day period as a firm limit." *Guinyard v. Apfel*, No. 99 Civ. 4242(MBM), 2000 WL 297165, at *2 (S.D.N.Y. Mar.22, 2000) (ten day delay); *see, e.g., Burkett v. Apfel*, No. 97 Civ. 4019(TPG), 1998 WL 846753, at *1 (S.D.N.Y. Dec.4, 1998) (one day delay).

### CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss the complaint as time-barred is granted. The Clerk of Court shall close the case.