

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-20-2003

# Cardyn v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket 02-4147

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Cardyn v. Comm Social Security" (2003). *2003 Decisions.* Paper 544.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/544

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Appeal No. 02-4147

BEVERLY A. CARDYN,
Appellant

v.

COMMISSIONER OF SOCIAL SECURITY,
Appellee

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 01-cv-02163)
District Judge:  The Honorable David S. Cercone

_____

Submitted pursuant to Third Circuit LAR 34.1(a)
on May 14, 2003

Before: RENDELL, SMITH and ALDISERT, *Circuit Judges*

(Filed: May 20, 2003)

_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge*

This Social Security appeal considers whether equitable tolling should have been

applied to Appellant Beverly A. Cardyn's complaint which was filed beyond the 60 day

period specified in 42 U.S.C. § 405(g).[1]  After consideration of the circumstances in this

case, we conclude that there was no basis for equitable tolling.  We will affirm.

The District Court had jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 405(g).

We exercise appellate jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).  Our

review of the District Court's application of the statute of limitations and the principles of

equitable tolling is plenary.  *Beauty Time, Inc. v. Vu Skin Systems, Inc.*, 118 F.3d 140, 143

(3d Cir. 1997).

Cardyn's application for benefits under Titles II and XVI of the Social Security Act

was denied by an Administrative Law Judge ("ALJ") on January 24, 1998.  After receipt of

the ALJ's decision, Cardyn's counsel, Attorney Karl Osterhout, filed a request with the

Appeals Council for review.  The Appeals Council denied review on April 20, 1999.  The

decision was mailed to Cardyn at the address supplied on her request for review and a copy

was directed to Attorney Osterhout.  The decision explicitly advised that

> If you desire a court review of the Administrative Law Judge's decision, you
> may commence a civil action by filing a complaint in the United States
> District Court  . . .within sixty (60) days from the date of the receipt of this
> letter.  It will be presumed that this letter is received within five (5) days after
> the date shown above unless a reasonable showing to the contrary is made. . . .
> If you cannot file your complaint within 60 days, you may ask the Appeals

---

[1]Section 405(g) provides that an "individual, after any final decision of the Commissioner of  Social Security made after a hearing . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  42 U.S.C. § 405(g).  In *Bowen v. City of New York*, 476 U.S. 467, 478 (1986), the Supreme Court acknowledged that this provision constitutes a statute of limitations.

2

Council to extend the time in which you may begin a civil action.

On July 21, 2000, Joanne Willson, a legal assistant from Attorney Osterhout's office, contacted the Appeals Council to inquire about the status of Cardyn's claim. Ms. Willson was advised that the Appeals Council had denied Cardyn's request for review on April 20, 1999 and that it had returned the file to the Pittsburgh office of the Social Security Administration. That same day, Attorney Osterhout sent a form letter to the Social Security Administration in Pittsburgh. The twelfth item on the letter stated: "Appeals Council issued a denial dated 4-20-99 but we were never notified. Please send us a copy of the denial immediately."

A second request for a copy of the decision was sent to the Pittsburgh Social Security Administration Office on November 3, 2000 by Attorney Gregory Paul. The twelfth item on this form letter stated: "SECOND REQUEST: Please send copy of AC denial dated 4-20-99 as never reced [sic] our copy." Attorney Paul sent a third request for a copy of the Appeals Council's decision by letter dated January 11, 2001. This third request was directed to the Appeals Council and simply enclosed the previous correspondence and requested immediate attention.

Almost eight months later, on August 7, and more than a year after Cardyn's counsel had learned of the adverse decision, Ms. Willson sent an e-mail to Beatrice Squire at the Social Security Administration, advising that

> This is another case that we were never sent the denial. I called AC on 7-21-00 and was told claim denied 4-20-[99]. I was told to contact the local social security office for a copy which I did twice and no response. A letter was sent

3

to AC on 1-11-01 enclosing correspondence and requesting immediate attention but no response. Would appreciate any help in getting a copy of the denial.

Thereafter, on September 17, 2001, the Office of Hearings and Appeals mailed a copy of the notice originally issued by the Appeals Council on April 20, 1999 to Cardyn's counsel. Four days later, upon receipt of the notice, Attorney Paul requested an "additional sixty (60) days from September 17, 2001 in order to file a civil action in this matter." Thereafter, on November 15, 2001, Cardyn filed a complaint seeking judicial review under 42 U.S.C. § 405(g). The Commissioner moved to dismiss Cardyn's complaint because it had not been filed within the sixty day period provided by 42 U.S.C. § 405(g).

Because affidavits were submitted by the parties, the District Court converted the motion to dismiss to a motion for summary judgment. The Court pointed out that under the Social Security regulations, the appeal "must be instituted within 60 days after the Appeals Council's notice of denial of request for review . . . is received by the individual[.]" 20 C.F.R. § 422.210(c). For purposes of computing that date, the regulation further provides that "the date of receipt of notice of denial . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id.* Because Cardyn did not contend that "she did not receive the Appeals Council's notice," the District Court determined that Cardyn had failed to rebut the regulatory presumption "that she received the notice from the Appeals Council within five (5) days from mailing." Accordingly, the District Court concluded that her complaint, filed in November 2001, was untimely.

The District Court rejected Cardyn's argument that the sixty day period was triggered

4

by the date that her attorney received the Appeals Council's notice. The Court recognized that some courts had allowed an untimely filing to proceed when the claimant's counsel had not received notice. Those cases were distinguishable, in the District Court's view, because counsel there had immediately sought review after learning that a decision had been issued by the Appeals Counsel. The Court pointed out that, despite the fact that counsel had actual notice of the adverse decision in July 2000, counsel waited for more than a year before filing a complaint seeking judicial review.

Equitable tolling, the District Court concluded, was not applicable either. Unlike the facts in *Bowen v. City of New York*, there was no secretive conduct by the government which frustrated the applicant's timely appeal. *See* 476 U.S. at 480-81.

On appeal, Cardyn asserts that the District Court should have applied equitable tolling to her complaint, despite the fact that it was filed beyond the 60 day period, since her counsel did not receive a timely notice from the Appeals Council. We do not agree.

In *Bowen v. City of New York*, 476 U.S. at 480, the Supreme Court held that traditional equitable tolling principles were applicable to the 60 day appeal period set forth in § 405(g). There, the Court concluded that the statute of limitations should be tolled for claimants who alleged that they were disabled as a result of a severe mental impairment, but did not satisfy the criteria of the listings. Tolling was warranted, the Supreme Court explained, because the denial of benefits was pursuant to a clandestine policy which mandated the denial of benefits when the mental impairment alleged did not satisfy the criteria of any listings. This unpublished policy effectively eliminated steps four and five of

5

the sequential analysis set forth in the Social Security regulations and denied claimants the opportunity to pursue the process afforded by those regulations. Thus, the Supreme Court concluded that this was one of the "rare" cases in which tolling was justified. 476 U.S. at 481.

In *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994), we reiterated that there are three principal situations in which equitable tolling may be appropriate: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." It is the plaintiff who bears the "burden of establishing the equitable tolling exception." *Courtney v. La Salle Univ.*, 124 F.3d 499, 505 (3d Cir. 1997).

Despite the fact that the grounds for equitable tolling of a statute of limitations are well-settled, Cardyn has failed to identify the ground for applying equitable tolling in this case. Her argument focuses on the Commissioner's "delay in providing a copy of the decision and failure to respond to [the] request for a sixty day extension[.]" Construed liberally, the only possible basis for equitable tolling is that she was prevented in some extraordinary way from asserting her rights. This argument is not persuasive. Cardyn personally received the decision from the Appeals Council and that decision specifically informed her of the sixty day period in which an appeal had to be filed. Despite this explicit notice, Cardyn failed to take any action to preserve her legal rights. *See Baldwin County*

6

*Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (*per curiam*); *cf. Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.").[2]

We heed the Supreme Court's admonition that equitable tolling is "to be applied sparingly." *Nat'l R.R. Passenger Corp. v. Morgan*, 122 S.Ct. 2061, 2073 (2002) (citing *Baldwin County Welcome Center*, 466 U.S. at 152 ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants")); *see also Seitzinger v. Reading Hospital and Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999) (acknowledging that courts should exercise caution in using equitable tolling doctrine). Accordingly, in the absence of any facts demonstrating that Cardyn was prevented in some extraordinary way from timely asserting her rights, we conclude that the District Court appropriately granted summary judgment for the Commissioner. We will affirm.

TO THE CLERK:

Please file the foregoing Opinion.

---

[2]We note that Cardyn neither argued nor suggested that she failed to timely appeal because she was unable to comprehend her right to judicial review as a result of a mental impairment. *See Canales v. Sullivan*, 936 F.2d 755, 758-59 (2d Cir. 1991); *cf. Penner v. Schweiker*, 701 F.2d 256 (3d Cir. 1983) (remanding for consideration of whether mental incapacity prevented social security claimant from requesting a hearing within the sixty days allotted under § 405(b)).

                        /s/   D. Brooks Smith
                        Circuit Judge

Date: