Yvonne WONG, Plaintiff–Appellant,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant–Appellee.

No. 1290, Docket 87–6297.

United States Court of Appeals, Second Circuit.

Argued Aug. 15, 1988.

Decided Aug. 19, 1988.

---

[*] The Honorable Franklin S. Billings, Jr., United States District Judge for the District of Vermont, sitting by designation.

Yvonne Wong, New York City, pro se.

Diogenes P. Kekatos, Sp. Asst. U.S. Atty., New York City (Nancy Kilson, Asst. U.S. Atty., Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., New York City, of counsel), for defendant-appellee.

Before WINTER and MINER, Circuit Judges, and BILLINGS, District Judge.*

PER CURIAM:

Plaintiff–Appellant Yvonne Wong applied for disability insurance benefits under Title II of the Social Security Act. Her request was denied by an administrative law judge of the Social Security Administration ("SSA") on July 17, 1986. Wong appealed and her request for review was denied by the SSA's Appeals Council on October 14, 1986. The denial constituted a final decision of the Secretary. *See* 20 C.F.R. § 404.981. Wong was informed of this determination in a letter dated October 14, 1986, which explained that she had sixty days within which to file an action in federal district court. Subsequently, Wong sought and was granted by the SSA a sixty-day filing extension ending on April 25, 1987. Although Wong was notified of the time limit extension, she did not file her complaint until May 15, 1987. Wong claims that illness prevented her from filing sooner.

Judicial review of Social Security claims arising under Title II of the Social Security Act ("Act") is specifically limited by Sections 205(g) and (h) of the Act. 42 U.S.C. § 405(g). The exclusive remedy set forth in those sections provides for a sixty-day period, from receipt of notice of decision (presumed to be within five days of mailing), during which a civil suit may be commenced, and states that "[n]o findings ... of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). Because Wong acknowledges that she received the Appeals Council's notice dated February 19, 1987 within the presumed five-day period, it is clear that her time to file expired on April 25, 1987. Her action is thus time-barred.

Plaintiff suggests to us that this is a "rare" case to which it is appropriate to apply the principle of equitable tolling under *Bowen v. City of New York*, 476 U.S. 467, 478–81, 106 S.Ct. 2022, 2029–31, 90 L.Ed.2d 462 (1986). We do not agree. Allowing disability claimants who have been denied benefits to toll the sixty-day period on grounds of poor health would thoroughly undermine Section 205(g)'s sixty-day limitation period. Equitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way. 476 U.S. at 480–81, 485–87, 106 S.Ct. at 2030–31, 2032–33. *See DeBrunner v. Midway Equipment Co.*, 803 F.2d 950, 952 (8th Cir.1986) (equitable tolling appropriate only where party against whom it is invoked engages in affirmative misconduct). In the instant case, no such misconduct by the government has been alleged. In fact, the Secretary attempted to accommodate Wong by giving her an extension. We note, however, that Wong has the option of

* The Honorable Franklin S. Billings, Jr., United States District Judge for the District of Vermont, sitting by designation.

asking the Secretary to reopen his final decision denying her claim. *See* 20 C.F.R. §§ 404.987–404.989 (1987).