Hoa T. NGHIEM, D.D.S., Plaintiff,

v.

UNITED STATES DEPARTMENT OF VETERAN AFFAIRS, Mary Ann Musumeci, individually, and as Deputy Director Bronx Veterans Administration Medical Center, Dr. Gerald F. Sabol, individually, and as Bronx Veterans Administration Medical Center Dental Chief, Dr. Vincent Petrazzuolo, individually, and as Dentistry Assistant Chief, Bronx Veterans Administration, Dr. Stephen F. Bergen, individually, and as Manhattan Veterans Administration Medical Center Dental Chief, Defendants.

No. 05 Civ. 5396(RJH).

United States District Court, S.D. New York.

Sept. 5, 2006.

Adrian Charlotte Hunte, Harkins & Hunte, Mohegan Lake, NY, for Plaintiff.

John Peter Cronan, U.S. Attorney's Office, SDNY, New York City, for Defendants.

## MEMORANDUM OPINION AND ORDER

HOLWELL, District Judge.

This action arises out of plaintiff's former employment as a geriatric dentist at the Veteran Affairs Medical Center in Bronx, New York. Dr. Nghiem's employment was terminated in 1993. Named as defendants in this action are the United States Department of Veterans Affairs ("VA"), an agency of the federal government of the United States, and four of plaintiff's individual supervisors in their official and individual capacities. In her complaint, plaintiff alleges the following nine causes of action: (1) racial and ethnic discrimination in the termination of her employment in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, (2) violation of property and liberty rights without due process under the Civil Rights Act of 1871, 42 U.S.C. § 1983, (3) common law defamation per se, (4) common law self-publication defamation, (5) intentional infliction of emotional distress, (6) tortious interference with employment and prospective business relationships, (7) malicious prosecution, (8) abuse of process, and (9) violation of section 296 of New York State Human Rights Law, N.Y. Exec. Law § 296 (McKinney 2005). Plaintiff does not identify as a separate cause of action any claim under Title VII, but makes reference to violations under the Civil Rights Act of 1991, 42 U.S.C. § 2000e in her complaint. (Compl.¶ 1.)

Defendants now move to dismiss the complaint in its entirety pursuant to Rule 12(b)(1) and Rule 12(b)(6), or, in the alternative, for summary judgment pursuant to Rule 56, and to stay discovery pending the Government's dispositive motion. Fed. R.Civ.P. 12, 56. For the reasons outlined below, defendants' motion is GRANTED.

## BACKGROUND

The following facts, alleged in plaintiff's complaint, are taken as true for purposes of the Court's consideration of the instant motion.

Plaintiff is an Asian–American female of Vietnamese descent. (Compl.¶ 4.) She has a Doctor of Dental degree ("DDS") from Georgetown University Dental School, Washington, D.C., a Masters Degree of Dentistry from New York University Dental School in periodontics, and a Certificate of Specialty in prosthodontics from Boston University. (*Id.*) She has also completed a UCLA fellowship in geriatric dentistry at the Veterans Administration Medical Center in Los Angeles. (*Id.*) In addition, she has a foreign DDS and advanced degrees from institutions in Vietnam and Paris, France. (*Id.*) She was employed as a geriatric dentist by the United States Veterans Administration Medical Center, located in Bronx, New York, from September 20, 1991 until September 17, 1993, just prior to the expiration of her two-year probationary period. (*Id.*) Plaintiff alleges that her supervisors, the individually named defendants, wrongly accused her of substandard dental treatment, illegally withheld her evidence from subsequent administrative proceedings, and suspended her hospital privileges, all of which ultimately culminated in her wrongful termination. (*Id.* at ¶ 11.) Plaintiff alleges that her 1993 termination was the result of discrimination on the basis of race and ethnicity. (*Id.*) Since her termination in 1993, plaintiff has been unable to find comparable, or indeed any, employment as a dentist. (*Id.* at ¶ 12.)

Finally, plaintiff has requested that defendants clear her personnel record, pursuant to an order issued by the University of the State of New York's Board of Regents on June 18, 2002 adopting findings made by the Regents Review Committee that "respondent is not guilty of the speci-

fications charged." [1] (*Id.* at ¶ 13; June 18, 2002 Order No. 17429 by University of the State of New York, attached as Compl. Ex. A.) In response to this request, plaintiff received a determination dated March 8, 2005 from the Department of Veterans Affairs Regional Counsel refusing to clear plaintiff's personnel file. (Compl.¶ 10.)

Defendants have now moved to dismiss the complaint in its entirety pursuant to Rule 12(b)(1) and Rule 12(b)(6), or in the alternative, for summary judgment pursuant to Rule 56. In support of their motion, defendants assert a myriad of jurisdictional, statute of limitations, and substantive defenses to plaintiff's complaint. The Court finds that plaintiff's claims must all be dismissed for lack of subject matter jurisdiction, as barred by the applicable statutes of limitations, or both, and therefore declines to convert this motion to dismiss to one for summary judgment and addresses only arguments related to these bases for dismissal.

**DISCUSSION**

1. *Standard of Review*

A motion to dismiss pursuant to Rule 12 must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90, (1974) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80, (1957)). For the purposes of a Rule 12 motion, all well pleaded allegations are accepted as true, and all inferences are drawn in favor of the pleader. *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1174 (2d Cir.1993).

"The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). In other words, " 'the office of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.' " *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York,* 375 F.3d 168, 176 (2d Cir.2004) (quoting *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980)). Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Sweet v. Sheahan,* 235 F.3d 80, 83 (2d Cir.2000); *accord Eternity Global Master Fund,* 375 F.3d at 176–77.

a. *Rule 12(b)(1)*

 A case must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. *See Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000). A plaintiff asserting subject matter jurisdiction generally has the burden, once challenged, of proving by a preponderance of the evidence that jurisdiction exists. *See id.*

b. *Rule 12(b)(6)*

 A motion to dismiss on statute of limitations grounds generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), as opposed to under Rule 12(b)(1). *See Ghartey v. St.*

---

**1.** The "specifications charged" are not identified in the Order, or anywhere in the complaint.

*John's Queens Hospital,* 869 F.2d 160, 162 (2d Cir.1989); *Carrasco v. New York City Off–Track Betting Corp.,* 858 F.Supp. 28, 30 (S.D.N.Y.1994). Rule 12(b)(6) provides the most appropriate legal basis for a motion to dismiss on such grounds, because expiration of the statute of limitations presents an affirmative defense. *See* Fed. R.Civ.P. 8(c); *Bano v. Union Carbide Corp.,* 361 F.3d 696, 710 (2d Cir.2004) ("The statute of limitations is normally an affirmative defense....."); *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 74 (2d Cir.1998) ("An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint."). An affirmative defense can arise when plaintiff adequately states a claim, but "plaintiff's own allegations show that the defense exists." Wright & Miller, Federal Practice and Procedure: Civil 2d § 1357 (1990). The standards and procedures under Rule 12(b)(6) thus aptly apply to motions to dismiss upon the affirmative defense of statute of limitations. "The Court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Festa v. Local 3, Int'l Brotherhood of Elec. Workers,* 905 F.2d 35, 37 (2d Cir.1990).

 "When determining the sufficiency of plaintiff['s] claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in [the] complaint, documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, or documents either in plaintiff['s] possession or of which plaintiff[ ] had knowledge and relied in bringing suit." *Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993).

When a party submits additional evidence to the Court in connection with a motion to dismiss, the Court must convert the motion to dismiss into a motion for summary judgment or exclude the extraneous documents from consideration. *See* Fed. R.Civ.P. 12(b); *Fonte v. Bd. of Managers of Cont'l Towers Condo.,* 848 F.2d 24, 25 (2d Cir.1988). The Second Circuit has held, however, that "when a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take that document into consideration in deciding the defendants' motion to dismiss, without converting the motion into one for summary judgment. *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47–48 (2d Cir.1991).

**2.** *Section 1981*

 Plaintiff alleges that her termination was the result of racial and ethnic discrimination in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981. However, § 1981 does not provide a basis for the relief plaintiff seeks. " 'Title VII is the *exclusive* remedy for [employment] discrimination by the federal government on the basis of race, religion, sex, or national origin.' " *Lewis v. Snow,* 01 Civ. 7785(CBM), 2003 WL 22077457, at *9 (S.D.N.Y. Sept. 8, 2003) (citing *Briones v. Runyon,* 101 F.3d 287, 289 (2d Cir.1996) (quoting *Boyd v. United States Postal Serv.,* 752 F.2d 410, 413–14 (9th Cir. 1985))); *see also Brown v. Gen. Serv. Admin.,* 425 U.S. 820, 835, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976) ("[T]he Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for claims of discrimination in federal employment."). By its terms, § 1981 protects contract rights "against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c). "The

plain language of the statute 'very plainly does not include actions taken under color of federal law.'" *Lewis,* 2003 WL 22077457, at *9 (quoting *Graham v. United States Postmaster Gen.,* 99 Civ. 0289(LEK), 2001 WL 118591, at *3 (N.D.N.Y. Feb. 2, 2001)). Furthermore, the United States has not consented to be sued under § 1981. *Id.* (citing *Callis v. Shannon,* 93 Civ. 4983(RPP), 1994 WL 116007, at *2 (S.D.N.Y. Mar. 28, 1994)). Courts in this circuit consistently dismiss claims under § 1981 brought by federal employees alleging employment discrimination against their federal employers and their individual supervisors or co-employees. *See Lewis,* 2003 WL 22077457, at *9 (dismissing § 1981 action alleging hostile work environment and retaliation claims for lack of subject matter jurisdiction as against the Secretary of the Treasury and an individual customs inspector); *King v. United States Postal Serv.,* 01 Civ. 8876(GEL), 2002 WL 1067825, at *3 (S.D.N.Y. May 29, 2002) (dismissing § 1981 claim alleging a hostile work environment against United States Postal Service and plaintiff's immediate supervisor); *Bumpus v. Runyon,* 94 Civ. 2570(DC), 1997 WL 154053, at *3–4 (S.D.N.Y. Apr. 2, 1997) (dismissing § 1981 and § 1983 claims alleging sex discrimination and retaliation claims as preempted by Title VII); *Hughes v. United States Postal Serv.,* 700 F.Supp. 779, 783 (S.D.N.Y.1988) (dismissing § 1981 claim because "Title VII and Rehabilitation Act provide the sole remedies for federal employees' allegations of employment discrimination"); *Marshall–Screen v. I.R.S.,* 01 Civ. 0811(FB), 2002 WL 264999, at *2 (E.D.N.Y. Feb. 26, 2002) (dismissing

§ 1981 claim alleging employment discrimination as preempted by Title VII); *Parola v. I.R.S.,* 98 Civ. 7179(JG), 1999 WL 1215557, at *7 (E.D.N.Y. Dec. 15, 1999) (same).

 In addition, even if plaintiff's § 1981 claim for discriminatory termination was an otherwise cognizable cause of action, it would be barred as untimely. Section 1981 causes of action created by the 1991 amendments are subject to a "catch-all" four-year statute of limitations. 28 U.S.C. § 1658; *see also Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 379–81, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004); *Copeland v. New York City Bd. of Ed.,* 03 Civ. 9978(DAB), 2005 WL 3018267, at *4 (S.D.N.Y. Nov. 8, 2005) (noting that claims of wrongful termination fall under § 1658 because they are created by the 1991 amendments to § 1981).[2] Section 1981 claims for wrongful termination accrue on the date the employer notifies the employee that he is being terminated. *Copeland,* 2005 WL 301267, at *4. In this case, plaintiff's termination occurred in 1993, almost twelve years before the current action was filed. Plaintiff's claim under § 1981 is dismissed.

3. *Section 1983*

 Plaintiff purports to state a claim under 42 U.S.C. § 1983 because the reasons given for her termination by her direct supervisors, defendants Sabol, Petrazzuolo, Musumeci, and Bergan, were allegedly false and defamatory, constituting a deprivation of plaintiff's property and liberty interests without due process. (Compl.¶ 21.) Plaintiff fails to state a claim under § 1983 because, like § 1981,

---

**2.** Section 1981 claims *not* created by the 1991 amendments are governed in New York by the New York residual three-year statute of limitations for personal injury claims. *See Harmon v. Patrolman's Benevolent Assoc.,* 05

Civ. 0589(FB), 2005 WL 2847256, at *2 (E.D.N.Y. Oct. 31, 2005) (citing *Mian v. Donaldson, Lufkin, & Jenrette Secs. Corp.,* 7 F.3d 1085, 1087 (2d Cir.1993)).

that statute only provides redress for federal statutory and constitutional violations perpetrated under color of *state* law. Actions of the federal government or its officers are exempt from the proscriptions of § 1983. *See Kingsley v. Bureau of Prisons,* 937 F.2d 26, 30 n. 4 (2d Cir.1991) ("[A] prerequisite for relief under § 1983, which concerns the deprivation of rights, privileges, and immunities secured by the Constitution and federal laws, is that the defendant acted under color of state law. An action brought pursuant to 42 U.S.C. § 1983 cannot lie against federal officers.") (internal citations omitted); *Marshall v. Nat'l Assoc. of Letter Carriers Br. 36,* 00 Civ. 3167(LTS), 2003 WL 223563, at *6 (S.D.N.Y. Feb. 3, 2003) (dismissing § 1983 claim against the United States Postal Service and individual government employees for lack of subject matter jurisdiction); *Bumpus v. Runyon,* 94 Civ. 2570(DC), 1997 WL 154053, at *3–4 (dismissing § 1981 and § 1983 claims alleging sex discrimination and retaliation claims as preempted by Title VII).

■■■ Even if plaintiff's purported cause of action under § 1983 were cognizable against these defendants, it would be barred as untimely. The applicable statute of limitations for § 1983 actions in New York is three years. *Owens v. Okure,* 488 U.S. 235, 249–50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (holding that § 1983 claims are governed by a state's residual or general personal injury statute of limitations); *Patterson v. County of Oneida,* 375 F.3d 206, 225 (2d Cir.2004); *Sackey v. City of New York,* 04 Civ. 2775(WHP), 2006 WL 337355, at *4 (S.D.N.Y. Feb. 15, 2006); *see also* N.Y. C.P.L.R. 214(5) (McKinney 2003) (providing that New York statute of limitations for personal injury claims is three years). A cause of action under § 1983 begins to accrue " 'when the plaintiff knows or has

reason to know of the injury which is the basis of his action.' " *Radin v. Albert Einstein Coll. of Med. of Yeshiva Univ.,* 04 Civ. 0704(RPP), 2005 WL 1214281, at *17 (S.D.N.Y. May 20, 2005) (quoting *Pearl v. City of Long Beach,* 296 F.3d 76, 80 (2d Cir.2002); *Harris v. City of New York,* 186 F.3d 243, 247–48 (2d Cir.1999)). Therefore, even if § 1983 were the appropriate vehicle for a cause of action alleging the deprivation of a cognizable liberty interest without due process arising out of the inclusion of reasons for termination in a federal employee's personnel file, it is untimely. Plaintiff has known of the injury underlying her claim since 1993. This claim is dismissed.

### 4. *Title VII*

Although plaintiff does not specifically identify Title VII as the basis for any of her causes of action in her complaint, Title VII is cited in the complaint (Compl.¶ 1), and is the sole subject of plaintiff's memorandum in opposition to defendants' motion to dismiss. Therefore the Court will discuss, for the sake of thoroughness, why any claims arguably brought under Title VII must be dismissed.

■■■ First, dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) would be appropriate with respect to any Title VII claims arising out of plaintiff's termination because plaintiff has not named the appropriate party defendant. Under Title VII, a federal employee may bring suit in which "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e–16(a) (2000). In the case of the United States Department of Veteran Affairs, the appropriate defendant for a Title VII action is the secretary of the department, James Nicholson, in his official capacity. The United States Department of Veteran Affairs as an entity, therefore,

is not an appropriate defendant. Furthermore, the individual defendants with supervisory control may not be held personally liable under Title VII. *See, e.g., Mandell v. County of Suffolk,* 316 F.3d 368, 377 (2d Cir.2003) (affirming dismissal of claims against individual supervisors in their personal capacity because they are not subject to liability under Title VII); *Wrighten v. Glowski,* 232 F.3d 119, 120 (2d Cir.2000) (per curiam); *Tomka v. Seiler,* 66 F.3d 1295, 1314 (2d Cir.1995), *abrogated on other grounds, Burlington Indus. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998); *Dawson v. County of Westchester,* 351 F.Supp.2d 176, 192 (S.D.N.Y.2004). Because plaintiff has not named an appropriate defendant to sustain a cause of action under Title VII, any claim that might be construed to arise under Title VII must be dismissed.

■ Even if plaintiff had clearly articulated a Title VII cause of action, and had named the appropriate party as defendant, her claim would be time-barred. The requirement that a plaintiff timely exhaust administrative remedies is not a jurisdictional prerequisite to filing suit in federal court, and should be treated as a statute of limitations. *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). The Equal Employment Opportunity Commission ("EEOC") has promulgated regulations establishing the applicable administrative procedures that a federal employee must exhaust before resorting to federal court.

They require that the aggrieved employee, *inter alia,* (1) consult with a counselor at the relevant agency's Equal Employment Office ("EEO") within forty-five days of the alleged discriminatory act, 29 C.F.R. § 1614.105(a)(1), and if the matter is not resolved after a mandatory counseling period, (2) file a formal written administrative complaint ("EEO complaint") within fifteen days of receipt of the EEO counselor's notice of final interview and right to file a formal complaint ("EEO notice"), 29 C.F.R. § 1614.106(a)-(b). The employee may then file a civil action (i) within ninety days of notice of a final agency decision on his or her EEO complaint, or (ii) after 180 days from the filing of the EEO complaint if the agency has not yet rendered a decision. *See* 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 1614.408(a)—(b); *see also Belgrave v. Pena,* 254 F.3d 384, 386 (2d Cir. 2001) (discussing foregoing prerequisites to filing suit in federal court).

In this case, plaintiff filed a timely EEO complaint challenging her employer's decision to terminate her employment. On September 18, 1996, the EEOC affirmed the final agency decision terminating her employment. *See Nghiem,* Appeal No. 01950587, Agency No. 94–1140, 1996 EEO-PUB LEXIS 353 (1996). On April 9, 1998, the EEOC denied plaintiff's motion for reconsideration. *See Nghiem,* Appeal No. 01950587, Agency No. 94–1140 Request No. 05970025, 1998 EEOPUB LEXIS 1971 (1998).[3] This action was filed on June 7, 2005, well beyond ninety days after the final agency decision issued in response to

---

**3.** The Court may consider the EEOC decisions at this stage in determining whether plaintiff's claim is timely without converting the pending motion to a motion for summary judgment, because these decisions are a matter of public record. *See Blue Tree Hotels Inv. (Canada) Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.,* 369 F.3d 212, 217 (2d Cir. 2004) (stating that courts may "look to public records, including complaints filed in state

court, in deciding a [Rule 12(b)(6)] motion to dismiss"); *Ivey v. Kawasaki Rail Car, Inc.,* 05 Civ. 2207(CPS), 2005 WL 3133765, at *1 n. 3 (E.D.N.Y. Nov. 23, 2005) (noting that an EEOC dismissal and notice of rights may be considered at the motion to dismiss stage even though not part of the complaint or relied on by plaintiff because such notices are a matter of public record).

plaintiff's EEO complaint.[4] Therefore any action brought by plaintiff under Title VII must be dismissed as untimely.

### 5. *Plaintiff's Remaining State Law Claims*

█ Because plaintiff no longer has any viable federal claim, any remaining viable state law claims belong in state court. *See United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well."); *Sadallah v. City of Utica,* 383 F.3d 34, 39–40 (2d Cir.2004) (citing *Gibbs* in directing district court to enter judgment for defendants on federal law claims and to dismiss any state law claims without prejudice). Accordingly, plaintiff's remaining state law claims, for common law defamation per se, common law self-publication defamation, intentional infliction of emotional distress, tortious interference with employment and prospective business relationships, malicious prosecution, abuse of process, and violation of section 296 of New York State Human Rights Law, N.Y. Exec. Law § 296, are hereby dismissed without prejudice.

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [5] is GRANTED. The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

---

4. Plaintiff argues that her claim under Title VII falls within an exception to the EEOC timeliness rules—the "continuing violation" doctrine. She argues that "defendants' discriminatory conduct extended until plaintiff's March 2005 last denied repeated request to expunge adverse material from her employment record." (Pl.'s Opp'n Mem. 5.) However, plaintiff's argument is misplaced. The continuing violation doctrine, where applicable, allows a plaintiff who makes at least one timely EEO charge as part of an "ongoing policy of discrimination" to bring in claims for *prior* acts of discrimination that would other be time barred under the time limit established for bringing the claim in front of the EEOC in the first instance. *See Petrosino v. Bell Atlantic,* 385 F.3d 210, 220 (2d Cir. 2004); *Patterson v. Oneida County,* 375 F.3d 206, 220 (2d Cir.2004). The Court knows of no case, and plaintiff offers none, that applies the continuing violation doctrine to circumstances where a plaintiff filed a timely EEO charge in connection with an alleged discriminatory termination, and then sought to toll the time period provided in the regulations for filing a complaint in federal court by alleging ongoing discrimination that occurred post-termination.