**Janet N. JOHNSON, on behalf of Assane Sangare, Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

**No. 07 Civ. 3661(VM).**

United States District Court, S.D. New York.

Oct. 30, 2007.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff Janet N. Johnson ("Johnson") filed this action on behalf of Assane Sangare ("Sangare") against the Commissioner of Social Security (the "Government") seeking court review of the decision of the administrative judge in a proceeding in this matter denying Sangare disability benefits pursuant to § 205(g) of the Social Security Act ("§ 205(g)"), as amended, 42 U.S.C. § 405(g). On July 30, 2007 the Government moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Johnson did not submit a timely response to this motion. By Order dated September 21, 2007 (the "Order") the Court directed Johnson to show cause by September 27, 2007 as to why no response to the pending motion had been filed, and warned that in the event Johnson did not submit a timely response to the Order, the Court would proceed to review the Government's motion as unopposed on the basis of the papers then on file. The Court has no record that Johnson responded to the Or-

der. Accordingly, the Court proceeds to consider the motion as unopposed and may deem Sangare's claims as abandoned. *See In re Refco Capital Markets, Ltd. Brokerage Customer Secs. Litig.,* No. 06 Civ. 643, 2007 WL 2694469 at *6 (S.D.N.Y. Sept.13, 2007).

Having reviewed the material submitted the Government's in support of its motion, the Court grants the motion. The Government argues that the complaint must be dismissed because this action was not filed within the 60–day time period prescribed by statute. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c); *Wong v. Bowen,* 854 F.2d 630, 631 (2d Cir.1988).

In this case the decision of the Appeals Council upholding the denial of Sangare's application was issued on February 2, 2007. The 60–day period within which Sangare could commence a civil action to review that ruling expired on April 9, 2007. *See Toliver v. County of Sullivan,* 841 F.2d 41, 41 (2d Cir.1988). Sangare's complaint was filed with the Court's Pro Se Office on April 18, 2007, nine days beyond the statutory limitation. *See Bowen v. City of New York,* 476 U.S. 467, 480, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986); *Wong,* 854 F.2d at 631. Although the complaint alleges that Sangare received the Appeals Council's decision on March 7, 2007, there is nothing on record to rebut the presumption of receipt of the notice of the denial within five days after its issuance. *See Guinyard v. Apfel,* No. 99 Civ. 4242, 2000 WL 297165, at *3 (S.D.N.Y. Mar.22, 2000).

Accordingly, the Government has demonstrated that sufficient grounds exist to dismiss the complaint for lack of jurisdiction.

### *ORDER*

For the reasons stated above it is hereby

**ORDERED** that the motion (Docket No. 4) of defendant Commissioner of Social Security herein to dismiss the complaint of plaintiff Janet N. Johnson on behalf of Assane Sangare for lack of subject matter jurisdiction is GRANTED.

The Clerk of Court is directed to close this case,

**SO ORDERED.**