**Joyce COLE–HILL, on behalf of T.W., Plaintiff,**

v.

**Carolyn W. COLVIN, Acting Commissioner of Social Security, Defendant.**

**No. 14–CV–6718 EAW.**

United States District Court, W.D. New York.

Signed June 22, 2015.

Joyce Cole–Hill, Rochester, NY, pro se.

Amanda Lockshin, Joanne Jackson, Social Security Administration, New York, NY, for Defendant.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge.

### INTRODUCTION

Plaintiff Joyce Cole–Hill ("Plaintiff"), proceeding *pro se*, seeks judicial review of the denial of her claim for Supplemental Security Income on behalf of her minor grandchild T.W. under the Social Security Act ("the Act"). (Dkt. 1). Defendant has moved to dismiss the complaint in its entirety as a result of Plaintiffs failure to file her claim for judicial review within the 60–day limitations period set forth in 42 U.S.C. § 405(g). (Dkt. 8–1 at 1). This Court has jurisdiction over the claim pursuant to 42 U.S.C. § 1383(c)(3). For the reasons set forth below, Defendant's motion to dismiss (Dkt. 8) is granted.

### BACKGROUND

On April 24, 2013, an Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for benefits on behalf of her grandchild, T.W. (Dkt. 1 at 3).

Plaintiff sought review of this decision on June 3, 2013, and requested an extension of time to submit additional evidence. (Dkt. 8–2 at 30–31). On June 24, 2013, the Appeals Council granted Plaintiff an extension of time. (*Id.* at 32).

On October 9, 2014, the Appeals Council mailed Plaintiff its notice of denial of Plaintiff's request for review. (Dkt. 1 at 3–5). Within the same notice, the Appeals Council also informed Plaintiff of her right to commence a civil action to seek judicial review within 60 days of receiving the notice. (*Id.* at 4–5). The notice explained that it was assumed Plaintiff had received the notice five days after the date on the notice, unless Plaintiff showed the Appeals Council that she had not received it within the five-day period. (*Id.* at 4). Furthermore, the notice stated that, if Plaintiff sought an extension, she was required to provide the Appeals Council in writing with a good reason for her request for an extension of time to file her civil action. (*Id.*).

On December 19, 2014, after the 60–day deadline had expired,[1] Plaintiff, proceeding *pro se*, filed this civil action without previously requesting an extension of time to file for judicial review. (Dkt. 1).

On May 11, 2015, Defendant moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(1) and 12(b)(6) for failure to commence the civil action within the 60–day limitations period. On May 12, 2015, this Court entered a Motion Scheduling Order notifying Plaintiff of the filing of Defendant's motion to dismiss and that she "must submit any papers in opposition to Defendant's motion no later June 1, 2015." (Dkt. 9). The Motion Scheduling Order further notified Plaintiff that her failure to respond to the motion may result in dis-

---

1. The deadline for Plaintiff to file a civil action was December 13, 2014 (60 days after October 14, 2014); however, since December 13, 2014 was a Saturday, Plaintiff's deadline was Monday, December 15, 2014.

missal of her complaint. (*Id.*). The Motion Scheduling Order further directed Plaintiff to contact the *Pro Se* Office with any questions. (*Id.*).

Plaintiff failed to file any papers in opposition to Defendant's motion.

## *DISCUSSION*

### I. Legal Standard

 The Act requires that a plaintiff challenging a final decision of the Commissioner to file a civil action within 60 days of the plaintiff's receipt of the Appeals Council decision. 42 U.S.C. § 405(g). This "60–day requirement is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York,* 476 U.S. 467, 478, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986); *see also Sindrewicz v. Chater,* No. 96–CV–139A(H), 1997 WL 166564 at *1–2, 1997 U.S. Dist. LEXIS 4398 at *3 (W.D.N.Y. Jan. 7, 1997). A motion to dismiss on statute of limitations grounds, "generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), as opposed to under Rule 12(b)(1)." *Courtney v. Colvin,* No. 13 Civ. 2884(AJN)(JLC), 2013 WL 5652476, at *2, 2013 U.S. Dist. LEXIS 149675, at *6 (S.D.N.Y. Oct. 17, 2013). "The reason Rule 12(b)(6) provides 'the most appropriate legal basis' for such a motion is 'because expiration of the statute of limitations presents an affirmative defense.'" *Id.* at *2, 2013 U.S. Dist. LEXIS 149675 at *7 (quoting *Nghiem v. U.S. Dep't of Veterans Affairs,* 451 F.Supp.2d 599, 602 (S.D.N.Y.2006)). Accordingly, in deciding the motion, a court generally may only consider "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." *Nechis v. Oxford Health Plans, Inc.,* 421 F.3d 96, 100 (2d Cir.2005). A court should consider the motion " 'accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor.' " *Ruotolo v. City of New York,* 514 F.3d 184, 188 (2d Cir.2008) (quoting *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir.2007)).

### II. Defendant's Motion to Dismiss

Because Defendant's motion to dismiss is based solely on a statute of limitations argument, Defendant's motion to dismiss is analyzed under the legal standard of Fed.R.Civ.P. 12(b)(6).

#### A. The Complaint Is Untimely

 It is well-established that the United States is immune from suit without its consent. *See, e.g., United States v. Navajo Nation,* 556 U.S. 287, 289, 129 S.Ct. 1547, 173 L.Ed.2d 429 (2009); *Cnty. of Suffolk, N.Y. v. Sebelius,* 605 F.3d 135, 140 (2d Cir.2010). Plaintiff seeks review of the ALJ's final decision denying her minor grandchild benefits pursuant to section 205(g) of the Act, codified at 42 U.S.C. § 405(g), which provides the requisite consent to be sued:

> Any individual, after any final decision of the Commissioner of Social Security ... may obtain a review of such a decision by a civil action *commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow* ....

42 U.S.C. § 405(g) (emphasis added). The Act also provides that the remedy available under Section 205(g), codified at 42 U.S.C. § 405(g), is exclusive. Specifically, "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h).

 Because the 60–day deadline constitutes a period of limitations, "it is a condition on the waiver of sovereign immu-

nity and thus must be strictly construed." *Bowen*, 476 U.S. at 479, 106 S.Ct. 2022. The Supreme Court has stated that "an interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in [the Act], to impose a 60–day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." *Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). The 60–day limitations period starts to run five days after the date set forth on the Appeals Council notice. 20 C.F.R. §§ 416.1401, 422.210(c).

Here, the notice was dated October 9, 2014. (Dkt. 1 at 3). The notice declined Plaintiff's request for review of the ALJ's decision and specifically advised Plaintiff that she had 60 days to file a civil action. (Dkt. 1 at 4). Moreover, the notice also informed Plaintiff that she is presumed to have received the notice five days after its date unless she requests, in writing, to extend the time period with good reasons. (*Id.*). Therefore, the deadline for Plaintiff to file a civil action in this Court was December 15, 2014. Nonetheless, without any written requests to extend the time to file, Plaintiff waited until December 19, 2014, to file her federal complaint. (*Id.* at 2).

Many courts in this Circuit have dismissed social security cases under similar circumstances. *See, e.g., Courtney v. Colvin*, No. 13 Civ. 2884(AJN)(JLC), 2013 WL 5652476, at *5–6, 2013 U.S. Dist. LEXIS 149675, at *17 (S.D.N.Y. Oct. 17, 2013) (*pro se* plaintiff filed a complaint seven days late); *Pressley v. Astrue*, No. 12 Civ. 8461(NSR)(PED), 2013 WL 3974094, at *1, 2013 U.S. Dist. LEXIS 109015, at *2–3 (S.D.N.Y. Aug. 2, 2013) (five days late); *Rodriguez ex rel. J.J.T. v. Astrue*, No. 10 Civ. 9644(PAC)(JLC), 2012 WL 292382, at *1, 2012 U.S. Dist. LEXIS 11572, at *2 (S.D.N.Y. Jan. 31, 2012) (*pro se* plaintiff filed a complaint 21 days late); *Smith v. Comm'r of Soc. Sec.*, No. 08–CV–1547 (NGG), 2010 WL 5441669 at *1, 2010 U.S. Dist. LEXIS 136002 at *1 (E.D.N.Y. Dec. 23, 2010) (*pro se* litigant filed a complaint four days late); *Johnson v. Comm'r of Soc. Sec.*, 519 F.Supp.2d 448, 448–49 (S.D.N.Y. 2007) (*pro se* litigant filed a complaint nine days late).

As a result, Plaintiff's complaint is untimely filed.

**B. Equitable Tolling Does Not Apply**

■ The 60–day limitations period can be subject to equitable tolling. *See Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (citing *Bowen*, 476 U.S. at 480, 106 S.Ct. 2022 (1986)). In light of the nature of social security cases and the congressional intent to be "unusually protective" of social security claimants, equitable tolling of the 60–day limitations period is "not infrequently appropriate." *New York v. Sullivan*, 906 F.2d 910, 917 (2d Cir.1990) (citing *Bowen*, 476 U.S. at 480, 106 S.Ct. 2022).

■ Nonetheless, equitable tolling only "permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" *Torres*, 417 F.3d 276, 279 (2d Cir.2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). Application of the doctrine is appropriate only "in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli–Edelglass v. N.Y. Transit Auth.*, 333 F.3d 74, 80 (2d Cir.2003) (citations and quotations omitted).

■ "District courts may apply the doctrine of equitable tolling to extend the

statute of limitations where the claimant (i) was unaware that there had been a violation giving rise to a claim, (ii) rebutted the presumption that notice of the Appeals Council denial was received within five days, (iii) received conflicting information about the filing deadline, or (iv) was unable to comprehend the appeal process because of an impediment." *Sindrewicz,* 1997 WL 166564, at *2, 1997 U.S. Dist. LEXIS 4398, at *4–5 (citations omitted).

■ None of the circumstances for equitable tolling of the 60–day limitations period are present in this case. In fact, Plaintiff has not provided any explanation for filing an untimely complaint. The record also shows that Plaintiff did not ask the Appeals Council for additional time to file this civil action, (Dkt. 1; Dkt. 8–2 at ¶ 3(c)), despite the fact that the notice clearly states that Plaintiff could request an extension with good reason. (Dkt. 1 at 4–5). Moreover, Plaintiff has been given an opportunity to address the issue of equitable tolling by submitting papers in opposition to Defendant's motion, but she has failed to respond.

Accordingly, even in the light most favorable to Plaintiff, Plaintiff's complaint is untimely filed and must be dismissed.

## *CONCLUSION*

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's complaint (Dkt. 8) is granted. The Clerk of Court is directed to enter judgment in favor of Defendant and close the case.

SO ORDERED.